## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
GENEVIEVE TIRADO,                      :
    Plaintiff                          :      CIVIL ACTION NO. 12-2870
v.                                     :
                                       :
UNITED STATES POSTAL SERVICE,          :
    Defendant                          :
_____   :

### MEMORANDUM OPINION AND ORDER

Rufe, J.                                                              July 10, 2013

      Plaintiff, the widow of Angel L. Tirado and beneficiary of his Federal Employees' Group Life Insurance Program (FEGLI) policy, brings this suit seeking life insurance benefits to which she believes she is entitled. Mr. Tirado's former employer, Defendant the United States Postal Service (USPS), maintains that when Mr. Tirado entered retirement status, he elected to continue carrying basic life insurance, which provided a payment equal to his annual salary upon his death (approximately $48,000), and "Option A," which provided an additional $10,000, but elected not to continue "Option B," which would provide five times his salary upon his death. Therefore, the USPS contends that Plaintiff received all life insurance benefits to which she is entitled when she received approximately $58,000 in benefits. The USPS filed a Motion for Summary Judgment, arguing that Plaintiff has failed to establish that there is a genuine issue of material fact as to whether Mr. Tirado elected to continue the Option B life insurance he had carried during his employment after his retirement. For the reasons that follow, the Court finds genuine issues of material fact, and will deny the Motion.[1]

---

[1] Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1). Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988). A fact is "material" if it could affect the outcome of the suit, given

In June 2005, while still working for the USPS, Mr. Tirado was diagnosed with Stage IV lung cancer.[2] He requested twelve months of unpaid leave, which was approved,[3] and August 11, 2005, was his last day in paid employment status.[4] USPS employees continue to receive full life insurance coverage, including all previously elected optional life insurance coverage, for up to twelve months while on unpaid leave, even if no premiums are paid by the employee.[5] Mr. Tirado died on May 3, 2006, less than twelve months after entering unpaid leave status. It is undisputed that Mr. Tirado elected Option B life insurance coverage, which would provide a lump sum payment of five times his salary to his beneficiary upon his death, during his employment with the USPS.[6] Therefore, had Mr. Tirado died while on unpaid leave status, his

---

the applicable substantive law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005). Further, a court may not weigh the evidence or make credibility determinations. Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998). Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted). This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense." Walden v. Saint Gobain Corp., 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976)). Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate. Celotex, 477 U.S. at 322; Wisniewski v. Johns–Manville Corp., 812 F.2d 81, 83 (3d Cir. 1987).

[2] Compl. ¶ 6, 7.

[3] Doc. No. 20 at 7.

[4] Harris Dep. 74 [Doc. No. 20, Ex. 7], Nov. 30, 2012.

[5] Harris Dep. 74-76.

[6] Form 2821 indicates that Mr. Tirado carried Option B coverage at the five-times salary level beginning on June 12, 1993. Doc. No. 20, Ex. 6.

widow, as beneficiary, would have received the Option B coverage.[7] However, while on unpaid leave, Mr. Tirado applied for disability retirement.

As part of his application for disability retirement, Mr. Tirado was required to fill out a Continuation of Life Insurance Coverage Form ("Form SF 2818"). The Instructions for Completing Form SF 2818 state: "If you don't want to have Optional insurance in retirement, mark "*No*" in Item 9 for Option A, Item 10 for Option B . . . You will not have that option in retirement, but you will have it for 31 days after your life insurance coverage as an employee stops." Mr. Tirado completed this form on November 16, 2005, signing and dating each election on that form.[8] The Form SF 2818 provided to the Court indicates that, despite his diagnosis with Stage IV lung cancer, Mr. Tirado elected not to carry Option B coverage in retirement.[9]

OPM officially approved Mr. Tirado's disability retirement application, and notified him of the approval, subject to certain prerequisite conditions, on March 3, 2006.[10] The same day, OPM also sent letter notification to the USPS, informing the USPS as employer that Mr. Tirado was approved for disability retirement, but indicating that Mr. Tirado had not yet been separated from the USPS and that his retirement annuity would not begin until final retirement papers were

---

[7] Harris Dep. at 76.

[8] Doc. No. 20, Ex. 2. Plaintiff suggests that the completed Form SF 2818, on which the USPS relies in arguing that summary judgment should be granted, is invalid. She points to the mixed use of check marks and "x" marks on the form. Plaintiff also points out that one copy of the form produced has a number 1 written in at line number 14, and another copy is blank. The Court cannot determine why this discrepancy exists from the copies provided. If Plaintiff wishes to pursue this challenge to the validity of Form SF 2818, she may do so by filing a Motion *in Limine*. In resolving any such motion, the Court will require Defendant to produce the original forms submitted by Mr. Tirado for the Court's review. Because the Motion for Summary Judgment will be granted on other grounds, the Court need not reach the merits of this challenge herein.

[9] Doc. No. 21, Ex. C.

[10] Doc. No. 21, Ex. G.

submitted by the USPS.[11]  However, these two letters do not necessarily establish that Mr. Tirado entered retirement on March 3, 2006.  The USPS attached a letter to its Answer, sent from Assistant United States Attorney Annetta Foster Givhan to Plaintiff's counsel, which states that "Mr. Tirado's retirement was completed on April 20, 2006."[12]  Neither party has provided a personnel action form or other document indicating when Mr. Tirado's disability retirement actually began.[13]

The Court cannot grant summary judgment because it finds a genuine issue of disputed material fact as to the date on which Mr. Tirado entered retirement status.  The government asserts that Mr. Tirado's retirement was effective on March 3, 2006, relying upon the two letters from OPM, but points to no evidence on the record indicating that his retirement was finalized on that date.  Because the timing of his retirement will govern whether his pre-retirement life insurance elections or his post-retirement elections were operative,[14] the Motion for Summary Judgment will be denied.[15]  An appropriate Order follows.

---

[11] Doc. No. 21, Ex. F.

[12]  Doc. No. 13, Ex. 4.  This letter, dated August 13, 2012, also indicated that the USPS payroll office completed its portion of  Form SF 2821 on March 28, 2006, and then submitted it to OPM which received it on April 6, 2006. See also Doc. No. 20 at 10.

[13] Moreover, there is no evidence in the record indicating that any retirement annuity payments were ever made to Mr. Tirado.

[14] If Mr. Tirado entered retirement status on March 3, 2006, his November 16, 2005 retirement life insurance elections, which did not include Option B coverage, would be in effect at the time of his death on May 3, 2006. However, in light of the OPM policy under which life insurance benefits are continued at pre-retirement levels for the first 31 days of retirement, if Mr. Tirado entered retirement status on April 20, 2006, he would still have Option B coverage at the time of his death on May 3, 20016.

[15] The USPS also argues that the doctrine of sovereign immunity bars the suit, asserting that the United States has not waived sovereign immunity as to this type of action.  Defendant acknowledges that the United States has consented to be sued under the Federal Employees' Group Life Insurance Act for breach of legal duties owed under the statute (Barnes v. United States, 307 F.2d 655, 657-58 (D.C. Cir. 1962)), but argues that this is not such a suit, as Plaintiff is seeking the proceeds of a life insurance policy and the USPS is not the insurer.  Plaintiff argues that this is just such a suit permitted under FEGLI:  she is not suing the federal government for money damages in this matter, but rather seeks performance by the USPS of its legal obligation, under FEGLI, to provide correct information about a covered employee's retirement date and elections, so that the insurer can correctly determine

---

whether Plaintiff is entitled to Option B coverage as a beneficiary of a deceased employee insured by a FEGLI policy.  The Court agrees with Plaintiff that this suit fits squarely within FEGLI.  Sovereign immunity does not bar this action.